IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DEREK FARMER,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-21-01295 |
| | * | |
| **JESSICA LYNN MARSHALL,** | | |
| | * | |
| and | | |
| | * | |
| **UNITED STATES POSTAL SERVICE,** | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Derek Farmer brings this civil action against Defendants Jessica Lynn Marshall and the United States Postal Service ("USPS") alleging that Defendant Marshall, an employee of USPS, negligently operated a USPS vehicle causing Plaintiff to sustain injuries. ECF No. 1. Pending before the Court is Defendant's Motion to Substitute the United States as Defendant in Place of Jessica Lynn Marshall and Motion to Dismiss for Lack of Jurisdiction, ECF No. 16, and Plaintiff's Consent Motion to Substitute, ECF No. 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion to Substitute and Motion to Dismiss, ECF No. 16, is granted, and Plaintiff's Consent Motion to Substitute, ECF No. 17, is also granted.

I.   **BACKGROUND**[1]

   A. **Factual Background**

On or about May 25, 2019, Plaintiff alleges that he was driving his vehicle southbound on St. Charles Parkway, at or near its intersection with Billingsley Road, in Charles County, Maryland. ECF No. 1 ¶ 5. Plaintiff further alleges that Defendant Marshall, who he describes as "a driver/agent/employee/servant" of Defendant USPS, was traveling northbound at the same location when she made "an unsafe left turn onto westbound Billingsley Road," which resulted in a collision with Plaintiff, who was in his vehicle traveling straight through the intersection. *Id.* ¶¶ 6–7.

   B. **Procedural Background**

On or about May 28, 2019, Plaintiff had a telephone conversation with a USPS Safety Specialist, who confirmed that a USPS vehicle was involved in the at-issue motor vehicle accident and agreed with Plaintiff that the USPS driver was at fault. ECF No. 18-3 ¶ 3 (Declaration of Derek Farmer).[2] The USPS Specialist "solicited information" from Plaintiff "purportedly" to file a tort claim, and the Specialist indicated to Plaintiff that she would convey the collected information to the Tort Claim Office. *Id.* Several months later, on August 8, 2019, Plaintiff's then attorney, Joel Hamilton, Esq., mailed a letter to USPS requesting a copy of Defendant Marshall's insurance policy declaration page and advised USPS to "set your reserve to the policy limits due to the severity of this accident." ECF No. 18-4 (August 8, 2019 Letter).

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Unlike a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when a party challenges subject-matter jurisdiction under Rule 12(b)(1), the Court may consider "evidence outside the pleadings" to resolve the challenge. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Then, on March 11, 2020, attorney Hamilton mailed another letter to USPS, which included a copy of the police report and a demand to know the insurance policy limits. ECF No. 18-6 at 1[3] (March 11, 2020 Letter). Defendant received the March 11, 2020 letter but did not respond. *See* ECF No. 16-2 ¶ 3 (Declaration of Tort Claims Examiner/ Adjudicator Kimberly A. Herbst).

On July 20, 2020, Plaintiff's then attorney, Jared Silberzahn, presented a Standard Form 95 ("SF-95") to the USPS, dated June 29, 2020, along with an accompanying cover letter dated March 11, 2020, detailing the motor vehicle accident that occurred on May 25, 2019. ECF No. 16-3 (March 11, 2020 Letter and SF-95 form); ECF No. 16-2 ¶ 3. The instructions in the enclosed SF-95 form specifically indicated that "[f]ailure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights." ECF No. 16-3 at 3. In box 12(d) labeled "TOTAL (Failure to specify may cause forfeiture of your rights)," Plaintiff indicated "TBD." *Id* at 2. Boxes 12(a)-(b), labeled "PROPERTY DAMAGE" and "PERSONAL INJURY," respectively, also indicated "TBD." *Id.* The March 11, 2020, cover letter accompanying the SF-95 form also did not specify the amount of damages Plaintiff sought. *See* ECF No. 16-3 at 1.

On March 18, 2021, attorney Silberzahn sent a settlement letter to USPS with itemized entries of Plaintiff's economic losses totaling $10,371.76, while also stating that his claim for non-economic damages was "more significant". ECF No. 18-8 at 3 (March 18, 2021 Letter). USPS received this letter five days later, on March 23, 2021. ECF No. 16-2 ¶ 4. Over one month later, on May 5, 2021, USPS received a final settlement letter dated April 27, 2021, which again described Plaintiff's "economic losses," and included an itemized list of Plaintiff's medical

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

3

expenses, though at least one line item included a "TBD" in place of a dollar amount. ECF No. 16-4 at 1–2 (April 27, 2021 Letter); ECF No. 16-2 ¶ 5; ECF No. 18-9 at 1–2.

Plaintiff filed a Complaint on May 25, 2021, ECF No. 1, alleging "negligence" against Defendant Marshall (Count I) and "agency" (Count II) against Defendant USPS, *id.* ¶¶ 8–14, which the Court understands to be a claim of negligence under a theory of vicariously liability. Defendant filed the now pending Motion to Substitute the United States as Defendant in Place of Jessica Lynn Marshall and Motion to Dismiss for Lack of Jurisdiction on August 24, 2021, ECF No. 16. On August 26, 2021, Plaintiff filed the additionally pending Consent Motion to Substitute Party, ECF No. 17, in which Plaintiff consents to the United States' request to be substituted as the proper party Defendant on all claims. On September 7, 2021, Plaintiff opposed the Motion to Dismiss, ECF No. 18, and on September 21, 2021, Defendants filed their response, ECF No. 19. Then, on October 29, 2021, Defendants filed a Notice of Supplemental Authority, ECF No. 20.

## II.     STANDARD OF REVIEW

Because Defendants claim that Plaintiff failed to exhaust administrative remedies, their motion to dismiss is reviewed under Federal Rule of Civil Procedure 12(b)(1) as a challenge based on lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) ("Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction."). "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation omitted). Once a challenge is made to subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction.

*See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (citation omitted). In ruling on a motion to dismiss under Rule 12(b)(1) motion, the Court may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it without converting the motion to one for summary judgment, *see id.*, but the court "must presume that the factual allegations in the complaint are true." *Cash v. United States*, No. 12-cv-0563-WDQ, 2012 WL 6201123, at *3 (D. Md. Dec. 11, 2012) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004)).

### III. DISCUSSION

In the pending motions, Defendants seek (1) to substitute the United States as a Defendant in place of U.S. Postal Service employee Jessica Lynn Marshall, and (2) to dismiss the entire Complaint for failure to exhaust administrative remedies. ECF No. 16 at 1. The Court will address each motion in turn.

#### A. Motion to Substitute

Plaintiff brought this suit against USPS and USPS employee Jessica Lynn Marshall, *see* ECF No. 1. Plaintiff initiated this suit pursuant to the Federal Tort Claims Act ("FTCA"), ECF No. 1 ¶ 4, and has consented to the now pending Motion to Substitute, ECF No. 17. Because the law makes clear that "the United States is the only proper party defendant to a FTCA suit," Defendants Marshall and United States Postal Service are improperly before the Court. *See Moyo v. United States,* No. 12-cv-1857-ELH, 2013 WL 762971, at *3 (D. Md. Feb. 26, 2013) (internal

5

citation omitted); *see also Chang–Williams v. Department of the Navy,* 766 F. Supp. 2d 604, 608 (D. Md. 2011) ("The FTCA expressly provides that federal agencies are not amenable to suit under its provisions . . . The Act provides for liability against only '[t]he United States,' . . . and plaintiffs seeking relief under the Act may pursue it against that defendant alone.") (citing 28 U.S.C. § 2674). Therefore, Defendant's Motion to Substitute Party, ECF No. 16, is granted, as is Plaintiff's Consent Motion to Substitute, ECF No. 17, and the Court will instruct the Clerk to substitute the United States for Jessica Lynn Marshall and dismiss the United States Postal Service.

### B. Motion to Dismiss

Defendant United States further contends that Plaintiff's claims are barred for failure to exhaust administrative remedies under the FTCA. ECF No. 16-1 at 6. When an entity of the federal government is sued, "the doctrine of sovereign immunity protects the United States from liability, except where it has expressly waived its immunity to suit." *Blake v. United States*, No. 21-cv-321-GLR, 2021 WL 4974906, at *3 (D. Md. Oct. 26, 2021) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000).

Pursuant to 28 U.S.C. § 2675(a), a tort action against the United States for injury caused by the negligent act of an employee of the Government while acting in the scope of her employment "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in

writing and sent by certified or registered mail." Such a claim must be presented to the appropriate federal agency "within two years after such claim accrues[.]" *See also* 28 U.S.C. § 2401(b). And this "requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

A claimant satisfies his filing burden by providing notice that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on [his] claim." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994) (quoting *Adkins v. United States*, 896 F.2d 1324, 1326 (11th Cir. 1990)); *see also* 39 C.F.R. § 912.5(a) ("[A] claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant . . . an executed Standard Form 95 . . . accompanied by a claim for money damages in a sum certain[.]"). "The sum-certain requirement is one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim." *Ahmed*, 30 F.3d at 517. To be clear, "[t]he sum certain requirement is not a trap for the unwary." *Kokotis*, 223 F.3d at 279. Rather, it "allows an agency to assess a claim's settlement value," and the FTCA's "purpose is frustrated if the administrative claim does not indicate a specific amount of money." *Id.* (citing *Ahmed*, 30 F.3d at 517). Simply put then, "a sum certain is a necessary element of any FTCA administrative claim." *Kokotis*, 223 F.3d at 278. And this Court has previously dismissed FTCA claims for failing to exhaust administrative remedies by not specifying a sum certain. *See, e.g.*, *Johnson v. United States*, No. 14-cv-0582-WDQ, 2014 WL 6490238, at *3–4 (D. Md. Nov. 18, 2014); *Samuel v. Palmer*, No. 09-cv-3141-PJM, 2010 WL 2976133, at *3–4 (D. Md. July 22, 2010); *Shaia v. Klein*, No. 01-cv-323-AW, 2001 WL 436194, at *2 (D. Md. Apr. 13, 2001); *see also Blake*, 2021 WL 4974906, at *3.

Here, Plaintiff alleges that a USPS employee negligently caused a motor vehicle accident, which resulted in "serious physical injury" and other losses, on May 25, 2019. ECF No. 1 ¶¶ 7, 9–10. Pursuant to 28 U.S.C. § 2401(b), Plaintiff had until May 25, 2021 to present his completed administrative claim to the USPS using the SF-95 form. While Plaintiff indeed submitted a SF-95 form, which was dated June 29, 2020, and received by USPS on July 2, 2020, the form was incomplete because it did not state any damage amounts. *See* ECF No. 16-3. Specifically, despite the warning in Box 12d of the SF-95 form, which stated that the "[f]ailure to specify [a total] may cause forfeiture of your rights," Plaintiff only wrote "TBD." *Id* at 2. "TBD" is not a sum certain of sought-after damages. Therefore, Plaintiff failed to exhaust his administrative remedies when filing the SF-95.

While Plaintiff concedes that he failed to include a sum certain "within the four corners of the June 29, 2020, SF-95," ECF No. 18-1 at 4, he argues that additional information provided apart from the SF-95 satisfies the requirement of submitting a sum certain. Plaintiff's argument fails.

First, even if the Court were to accept that Defendant needed to consider all of Plaintiffs submissions beyond the SF-95, Plaintiff's arguments remain unconvincing as the additional letters also fail to provide a sum certain. For example, in Plaintiff's March 18, 2021 letter, after including several itemized medical expenses, Plaintiff's counsel noted that "[o]f course, the medical billing and loss of earnings only encompasses *one portion* of Mr. Farmer's case. His claims for non-economic, 'pain and suffering' damagers is more significant," ECF No. 18-8 at 3 (emphasis added), and the April 27, 2021 letter, which included an itemized list of medical expenses, listed the total for services rendered at the Charles County Department of Emergency Services as "TBD." ECF No. 16-4 at 2. When taken together with the "TBD" total loss amount

from Box 12(d) of the SF-95 form, it cannot be said that Plaintiff provided a sum certain, even considering his additional submissions, as is required to exhaust his administrative remedies.

Second, Plaintiff's argument directly conflicts with controlling Fourth Circuit precedent and, therefore, must be rejected. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275 (4th Cir. 2000). In *Kokotis*, the plaintiff submitted an SF-95 to the USPS one month after her involvement in an automobile accident but failed to include a sum certain in her form. *Id*. at 278. Kokotis' cover letter accompanying her SF-95 form stated that she was still undergoing medical treatment and included an itemized list of her medical bills, and Kokotis later went on to submit five supplemental letters to the USPS, with the final letter before the expiration of the statute of limitations including a total claim for $4,546.79. *Id.* Four months after the expiration of the statute of limitations, but before final action from the USPS, Kokotis submitted a revised SF-95 requesting a sum certain of $19,000. *Id.* The district court ruled that the failure to identify a sum certain within the two-year statute of limitation deprived it of jurisdiction. *Id*.

In affirming the district court's ruling, the Fourth Circuit reiterated the purpose of the sum certain requirement in noting that the requirement of the sum certain allows an agency the opportunity to assess a claim's settlement value. *Id*. at 279 (noting that the FTCA provides different settlement authority to federal agencies based on the amount of the claim). The Court further noted that a failure to require a sum certain would cause "the burden on the government to increase and the FTCA's goal of efficiently handling claims against the government would be undermined." *Id*. Specifically as to Kokotis, the Fourth Circuit noted that in evaluating the claim, the Postal Service could not have predicted the 418% increase in the size of her claim from the time of her supplemental letters to her ultimate claim amount, submitted after the statute of limitations had run. *Id*. Thus, the Fourth Circuit determined that Kokotis had effectively not

9

submitted a claim that the Postal Service could take action on prior to the expiration of the statute of limitations. *Id*. at 280.

This is precisely the issue here. Even considering the information provided apart from the SF-95, Plaintiff only provided an estimate of economic damages with an indication that additional claims would be "more significant." Just as in *Kokotis*, therefore, the government was not given the opportunity to assess the claim for possible settlement as is the purpose of the sum certain requirement of the FTCA, and Plaintiff failed to exhaust his administrative remedies.[4]

Plaintiff alternatively argues that his April 27, 2021 settlement letter, which included a "demand" of $10,371.76, ECF No. 18-1 at 9; ECF No. 16-4 at 2, "should still satisfy the requirement for economic damages," *id.*, and that at least this portion of the claim should survive. Plaintiff's argument misses the point. Plaintiff did not provide that number as his "sum certain" such that it could serve the purpose of the FTCA. Looking at all the submissions together, as Plaintiff must ask the Court to do since the submission on the SF-95 merely said "TBD," the government was told the "more significant" damages had been left out. Thus, any opportunity to properly evaluate the claim was negated.

In support of his argument on this point, Plaintiff cites to several dated and out-of-circuit cases, each of which is distinguishable from the instant case. ECF No. 18-1 at 9–10. Plaintiff focuses on the fact that other courts have found that the use of qualifying language does not negate the presence of a dollar-amount sum certain, *id.*, but in each case cited, the claimant actually included a specific dollar amount for the sum certain in the SF-95, in addition to the

---

[4] Further to this point, Plaintiff's argument that his sum certain was the direction to USPS that, "in an abundance of caution so as not to undervalue the claim," ECF No. 18-1 at 8, they "set [their] reserve to the policy limits due to the severity of this accident," ECF No. 18-4, is likewise unconvincing. Because the FTCA's purpose is frustrated when the administrative claim fails to include "a specific amount of money," *Kokotis*, 223 F.3d at 279, it follows that a statement to "set your reserve to the policy limits" simply cannot be understood to be a sum certain for the purpose of satisfying the FTCA's administrative exhaustion requirements.

qualifying language.[5]  Here, Plaintiff provided no information regarding damages on the SF-95 and then separately included what it described as the less significant part of its claim while negating the rest, thus depriving the government of the opportunity to evaluate the claim. Accordingly, this alternative argument also fails.

In sum, "suits against the United States can be maintained only by permission, in the manner prescribed *and subject to the restrictions imposed.*" *Kokotis*, 223 F.3d at 280 (citing *Munro v. United States*, 303 U.S. 36, 41 (1938) (emphasis in original)). As such, requiring a claimant to exhaust his administrative remedies by providing a "sum certain" of his claim so that it can be properly evaluated is squarely in line with, and does not contravene, the spirit of the FTCA. Because Plaintiff failed to exhaust his administrative remedies, this Court lacks jurisdiction over this action and must dismiss the Complaint entirely.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Jurisdiction, ECF No. 16, is granted, and the parties' Consent Motion to Substitute, ECF No. 17, is also granted. A separate Order shall issue.

Date: <u>January 25, 2022</u>                             <u>/s/                                        </u>
                                                                          GEORGE J. HAZEL
                                                                          United States District Judge

---

[5] *See Corte–Real v. United States*, 949 F.2d 484, 486 (1st Cir.1991) (holding that a sum certain had been stated where claimant had written "$100,000 plus because still treating and out of work" under personal injury section of SF–95); *Indus. Indem. Co. v. United States*, 504 F. Supp. 394, 395–96 (E.D. Cal. 1980) (holding that a sum certain was stated where plaintiff claimed "$560.00*" on an SF–95, with qualifying language stating that "[s]ubstantiation will be supplied upon request. Compensation benefits are continuing and will continue for an indefinite period of time"); *Fallon v. United States,* 405 F. Supp. 1320 (D. Mont. 1976) (holding that a sum certain was presented where a claimant wrote "Approximately $15,000.00" on the line designated for "Personal Injury" on SF–95).